WELCH, J.,
concurring in part and dissenting in part.
hi respectfully concur in part and dissent in part with the majority opinion in this case. I agree with the majority’s conclusion that there was no error in the OWC’s determination that Ms. Connor was entitled to supplemental earnings benefits as of October 17, 2006 (and continuing thereafter), that her work restrictions and diminished earning capacity were causally related and directly attributable to the 2006 accident, that Family Dollar acted arbitrarily and capriciously in terminating Ms. Connor’s benefits (for which penalties and attorney fees were due), and that Family Dollar was responsible for the payment of the medical expenses incurred by Ms. Connor for her treatment at the two emergency room visits. However, I disagree that Family Dollar should have been assessed penalties and attorney fees for failing to pay the medical expenses incurred when Ms. Connor sought treatment at the two emergency rooms.
Louisiana Revised Statutes 23:1201(E) provides that medical benefits payable under workers’ compensation provisions shall be paid within sixty days after the employer or insurer receives vrritten notice of the expense. The failure to provide payment of medical expenses shall result in the assessment of a penalty and a reasonable attorney fee for each claim. La. R.S. 23:1201(F). Thus, a prerequisite for the assessment of a penalty and attorney fees for the failure to pay a medical expense is that the employer or insurer must receive written notice of the expense. There is no evidence in the record establishing that Ms. Connor, or anyone on her behalf, gave her employer (or its insurer) written notice of the |2medical expenses incurred by her for the two emergency room visits. Although Family Dollar eventually had possession of a copy of a bill for those medical expenses — because it issued a subpoena for all medical records to those medical service providers — Family Dollar’s possession of a copy of the bill was insufficient to establish that it received written notice of the medical expense for which it was liable. Therefore, I would reverse penalty and attorney fees awarded by the OWC with regard to Family Dollar’s failure to pay the medical expenses incurred by Ms. Con-nor at the two emergency room visits.